IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLEY HUGHES,**

        **Petitioner,**

    v.                              CASE NO. 17-3081-SAC

**DAN SCHNURR,**

        **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed by a prisoner in state custody. Petitioner proceeds pro se.

### Screening

Under Rule 4, the Court must review a habeas corpus petition promptly and must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief…." Rule 4, Rules Governing 2254 Cases in the United States District Courts. The Court may dismiss a petition based on a failure to exhaust state court remedies where it is "clear from the face of [the] petition." *Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009).

Because the petitioner does not challenge the validity of his conviction but rather seeks release from confinement based on credits he alleges he is entitled to receive due to his completion of certain programs, the Court liberally construes it as a petition filed under 28 U.S.C. § 2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)("A petition under 28 U.S.C. §2241 attacks the execution of a sentence…").

Section 2241 does not have an express exhaustion requirement, but precedent in the Tenth Circuit requires a state prisoner to exhaust state court remedies before filing a federal habeas corpus petition. *See Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000)(holding that the exhaustion requirement in 28 U.S.C. § 2254 applies to petitions brought under § 2241). A petitioner satisfies the exhaustion requirement by presenting the claims to the state courts, including the highest state court. *See Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999)(quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)).

Here, while the petition suggests that petitioner has used administrative grievances to seek relief, it does not appear that he has sought relief in the state courts. Accordingly, the Court concludes this matter must be dismissed to allow petitioner to seek relief in the state courts.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed without prejudice to allow petitioner to present his claims in the state courts.

**IT IS SO ORDERED.**

DATED: This 16th day of May, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge